# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE BEDGOOD, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>RAY MABUS, Secretary, Department of the Navy; MARK L. HASKETT, Director, Naval Criminal Investigative Service,<br><br>    Defendants. | CASE NO. 15cv454 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the motion to dismiss filed by Defendants Ray Mabus and Mark Haskett. (ECF No. 7).

## I. Background

    On February 27, 2015, Plaintiff Andre Bedgood commenced this action by filing a Complaint in this Court. (ECF No. 1). On March 3, 2015, Plaintiff filed an Ex Parte Application for Temporary Restraining Order. (ECF No. 3). On March 10, 2015, the Court issued an Order denying Plaintiff's Ex Parte Application for Temporary Restraining Order. (ECF No. 4).

    On April 6, 2015, Defendants filed the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 7). On April 27, 2015, Plaintiff filed an opposition. (ECF No. 8). On May 4, 2015, Defendants filed a reply. (ECF No. 9).

## II. Allegations of the Complaint

    "On or about January 2014, the [Naval Criminal Investigations Service ('NCIS')]

required Plaintiff to attend a fitness for duty evaluation, asserting he was 'delusional.' The basis of the Agency asserted 'delusion' was that Plaintiff learned and disclosed to Agency that his wife ... had been secretly engaging in 'swinger' activities ... and been engaging in extramarital sexual relationships." (ECF No. 1 ¶ 26). "The Agency has refused to disclose the exact nature of the communications with the contracted evaluator, and refused to provide the underlying records it provided to the evaluator." *Id.* ¶ 28. "The Agency contracted evaluator concluded that Plaintiff needed psychological therapy and to be psychiatrically medicated. Plaintiff was not provided with this report or any of the materials that the evaluator had relied upon." *Id.* ¶ 30.

The Complaint alleges that Plaintiff was placed on administrative leave from January 23, 2014, through September 19, 2014, following the evaluation. Plaintiff attempted to provide evidence to a NCIS representative that would corroborate the report he made about his wife, but the NCIS representative would not accept or review Plaintiff's documents. The NCIS representative refused to review these corroborating documents because "another special agent of the Agency engaged in swinger activities in the same club as Plaintiff's wife." *Id.* ¶ 33.

On September 11, 2014, NCIS informed Plaintiff that he was required to go on enforced leave without pay, effective September 20, 2014, and continuing until May 2015. The Complaint alleges that Plaintiff has not been given any administrative remedies or documentation to oppose NCIS's findings and actions.

"On or about December 2, 2014, Defendants issued a Letter of Intent ('LOI') to Plaintiff, indicating that they were proposing to revoke his security clearance." *Id.* ¶ 6. Plaintiff received the letter on December 29, 2014. Despite advising Plaintiff to "acquire all relevant documents necessary to respond to the LOI," NCIS refused to provide Plaintiff with the records that NCIS relied on and Plaintiff requested. *Id.* ¶ 7-9. On January 5, 2015, Plaintiff requested a 45-day extension to respond to the LOI, and on January 19, 2015, Plaintiff filed a request pursuant to the Freedom of Information Act ("FOIA"). On January 22, 2015, NCIS responded and requested that Plaintiff

resubmit his FOIA request on a specific form, and Plaintiff "immediately complied." *Id.* ¶ 12. On February 3, 2015, NCIS informed Plaintiff that it would take 8-12 weeks to respond to his FOIA request, without explanation for the delay. Despite having only until March 2, 2015 to respond to the LOI, Plaintiff has not received the records requested as of February 27, 2015 (the date the Complaint was filed).

The Complaint asserts the following claims for relief: (1) violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, (2) failure to comply with the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, and (3) violation of Fifth Amendment procedural due process. Plaintiff requests injunctive and declaratory relief, costs, and attorneys' fees.

### III. Legal Standards

#### A. 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States*, 217 F.3d 770, 778-779 (9th Cir. 2000). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a facial attack, the Court should "assume [the plaintiff's] allegations to be true

and draw all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) are applicable. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (noting that the "district court may require more specific pleading" where jurisdictional allegations are "implausible") (citing *Iqbal*, 556 U.S. at 679); *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) ("Where a defendant claims only that 'the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction,' ... [w]e ... determine whether the complaint alleges 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'") (quoting *Iqbal*, 556 U.S. at 678).

In a factual attack, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *see also Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 686 (7th Cir. 1998) ("The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. At that point, a court need not close its eyes to demonstrated jurisdictional deficiencies in a plaintiff's case and accord a plaintiff's unproven allegations greater weight than substantive evidence to the contrary."). "In such cases, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

### B. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state

and draw all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) are applicable. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (noting that the "district court may require more specific pleading" where jurisdictional allegations are "implausible") (citing *Iqbal*, 556 U.S. at 679); *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) ("Where a defendant claims only that 'the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction,' ... [w]e ... determine whether the complaint alleges 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'") (quoting *Iqbal*, 556 U.S. at 678).

In a factual attack, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *see also Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 686 (7th Cir. 1998) ("The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. At that point, a court need not close its eyes to demonstrated jurisdictional deficiencies in a plaintiff's case and accord a plaintiff's unproven allegations greater weight than substantive evidence to the contrary."). "In such cases, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

### B. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state

a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

## IV. Discussion

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction.

Plaintiff requests leave to amend should the Court grant Defendants' motion to dismiss.

**A. FOIA (First Claim)**

The Complaint alleges that Defendants are violating FOIA because NCIS has failed to turn over the documents it relied upon in making Plaintiff's fitness for duty evaluation.

Defendants contend that only agencies may be sued under FOIA, not individual defendants. Plaintiff does not respond to this contention in opposition but instead asserts that, "[i]n the event that this Court is persuaded that Plaintiff failed to name proper defendants, then the correct remedy would be to allow leave to amend." (ECF No. 8 at 16).

Pursuant to FOIA, "the district court of the United States ... has jurisdiction to enjoin the *agency* from withholding agency records and to order the production of any agency records improperly withheld from the complaintant." 5 U.S.C. § 552(a)(4)(B) (emphasis added). "Agency" is defined as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency...." 5 U.S.C. § 551(1). Accordingly, federal agencies, and not individual officials, are the only proper defendants in a FOIA action. *E.g., Lewis v. F.A.A.*, No. 3:11-CV-1458-AC, 2012 WL 1831796, at *1 (D. Or. May 17, 2012); *Hajro v. U.S. Citizenship and Immigration Servs.*, 832 F. Supp. 2d 1095, 1104 (N.D. Cal. 2011); *Bay Area Lawyers Alliance for Nuclear Arms Control v. Dep't of State*, 818 F. Supp. 1291, 1294 (N.D. Cal. 1992).

The Complaint only names individual officials and not federal agencies. Plaintiff's FOIA claim is dismissed without prejudice for lack of subject matter jurisdiction, but dismissed with prejudice to the extent it is asserted against Defendants Mabus and Haskett.

**B. Administrative Procedures Act (Second Claim)**

The Complaint alleges that Defendants have violated the Administrative Procedures Act ("APA") because they have failed to comply with FOIA. The

Complaint alleges that Defendants' failure to release requested documents was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law...." (ECF No. 1 at 5).

Defendants contend that Plaintiff cannot have an APA remedy where, as here, he has a statutory remedy pursuant to FOIA. Plaintiff contends that his FOIA claim seeks a declaration that NCIS violated FOIA and a declaration that NCIS violated Plaintiff's due process rights.

The APA provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). "[T]he APA waives sovereign immunity for [a plaintiff's claims] only if three conditions are met: (1) its claims are not for money damages, (2) an adequate remedy for its claims is not available elsewhere and (3) its claims do not seek relief expressly or impliedly forbidden by another statute." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). Where FOIA provides a plaintiff with an adequate remedy, a related APA claim will be precluded. *See, e.g.*, *San Diego Navy Broadway Complex Coal. v. U.S. Dep't of the Navy*, No. 07-CV-909, 2008 WL 110900, at *4 (S.D. Cal. Jan. 9, 2008) (granting summary judgment on APA claim that sought a remedy that was adequately provided by FOIA); *cf. MacLean v. U.S. Dep't of Army*, No. 05-CV-1519, 2007 WL 935604, at *6 (S.D. Cal. Mar. 6, 2007) (granting summary judgment on declaratory relief claims, which sought a declaration that the defendants violated FOIA, because there was no authority for a declaratory remedy and the plaintiff had an adequate remedy pursuant to FOIA).

Plaintiff's APA claim is entirely based on Defendants' alleged violations of FOIA. Plaintiff has failed to demonstrate that FOIA does not provide him with an adequate remedy for an alleged violation of FOIA. Plaintiff's APA claim is dismissed

without prejudice for lack of subject matter jurisdiction.

### C. Procedural Due Process (Third Claim)

The Complaint alleges that Plaintiff's procedural due process rights were violated when he was placed on enforced leave without pay, and NCIS began the process to revoke Plaintiff's security clearance. The Complaint alleges that the NCIS-contracted evaluator never interviewed Plaintiff's witnesses, and NCIS never accepted Plaintiff's corroborating evidence in order to rebut the findings in his fitness for duty evaluation. The Complaint alleges that NCIS never informed Plaintiff of his rights or provided him with an administrative remedy.

Defendants contend that they are not proper defendants to this claim because the letter of intent to revoke Plaintiff's security clearance was issued by the Department of Defense, Consolidated Adjudications Facility, a separate agency. Defendants contend that Plaintiff has no constitutional right to security clearance. Defendants contend that Plaintiff must exhaust his administrative remedies pursuant to the Civil Service Reform Act ("CSRA"). Defendants assert that Plaintiff currently has an appeal pending before the Merit Systems Protection Board ("MSPB") regarding the same agency action challenged in this case.

Plaintiff contends that he has adequately alleged a procedural due process claim because he was not given the administrative file on his evaluation so that he could appropriately respond. Plaintiff asserts that he does not claim a constitutional right to security clearance, but only a fair process before his security clearance is revoked. Plaintiff asserts that Defendants are contending both in this case and before the MSPB that there is no jurisdiction, and Plaintiff contends that this position is untenable.

### i. CSRA Preclusion

"The CSRA 'established a comprehensive system for reviewing personnel action taken against federal employees.'" *Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2130 (2012) (quoting *United States v. Fausto*, 484 U.S. 439, 455 (1988)). In some instances, the CSRA "provides the exclusive avenue to judicial review when a qualifying

employee challenges an adverse employment action" on constitutional grounds. *See id.* at 2130. If Congressional intent in the CSRA is to "preclude judicial review of constitutional claims, its intent to do so must be clear." *Id.* at 2132 (quoting *Webster v. Doe*, 486 U.S. 592, 603 (1988)) (internal quotations and alterations omitted). However, this standard does not apply "where Congress simply channels judicial review of a constitutional claim to a particular court." *Id.* In such a case, "the appropriate inquiry is whether it is 'fairly discernible' from the CSRA that Congress intended covered employees appealing covered agency actions to proceed exclusively through the statutory review scheme...." *Id.* at 2132-33. "To determine whether it is 'fairly discernable' that Congress precluded district court jurisdiction over [the plaintiff's claims], we examine the CSRA's text, structure, and purpose." *Id.* at 2133 (citing *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994) and *Fausto*, 484 U.S. at 443).

In this case, Plaintiff alleges that he was placed on enforced leave without pay, effective September 20, 2014, and continuing until May 2015. The CSRA "specifically enumerates the major adverse actions and employee classifications to which the CSRA's procedural protections and review provisions apply." *Id.* at 2133. One major adverse action is "a suspension for more than 14 days." 5 U.S.C. § 7512(2). Although "suspension" is defined as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay[,]" 5 U.S.C. § 7501(2), courts have interpreted "suspension" to include enforced leave without pay for medical reasons. *See, e.g., Pittman v. Merit Sys. Prot. Bd.*, 832 F.2d 598, 599 (Fed. Cir. 1987) ("Such suspensions—which are ordered because the agency believes that the employee's retention on active duty could result in damage to federal property, or be detrimental to governmental interests, or be injurious to the employee, his fellow workers, or the public—are 'disciplinary' in the broader sense of maintaining the orderly working of the Government against possible disruption by the suspended employee (pending the determination of that employee's disability retirement).") (quoting *Thomas v. Gen.*

*Servs. Admin.*, 756 F.2d 86, 89 (Fed. Cir. 1985)). Section 7513 "sets out the procedures due an employee prior to final agency action." *Elgin*, 132 S. Ct. at 2133; *see also* 5 U.S.C. § 7513. Sections 7701 and 7703 then "exhaustively detail[] the system of review before the [Merit Systems Protection Board] and the Federal Circuit." *Elgin*, 132 S. Ct. at 2134; *see also* 5 U.S.C. §§ 7701, 7703.

Because Plaintiff's due process claim challenges the procedures leading to Plaintiff's enforced leave without pay, and the CSRA provides for MSPB and Federal Circuit review of this adverse employment action, "the appropriate inquiry is whether it is 'fairly discernible' from the CSRA that Congress intended covered employees appealing covered agency actions to proceed exclusively through the statutory review scheme...." *Elgin*, 132 S. Ct. at 2132-33. The Court finds that "[g]iven the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court." *Id.* at 2134. Plaintiff's procedural due process claim is dismissed without prejudice for lack of subject matter jurisdiction, to the extent it is based on inadequate procedures in the decision to place Plaintiff on enforced leave without pay.

### ii. Property or Liberty Interest

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Viewing the allegations of the Complaint in a light most favorable to Plaintiff, the Complaint alleges deprivations of two interests: (1) Plaintiff's continued employment with pay; and (2) Plaintiff's security clearance. As stated previously, the Court lacks subject matter jurisdiction over Plaintiff's procedural challenge to NCIS's decision to place Plaintiff on enforced leave without pay. This leaves Plaintiff's challenge to the procedures related to revocation of his security clearance. Plaintiff does not have a constitutionally protected interest in his security

clearance. *Dorfmont v. Brown*, 913 F.2d 1399, 1403 (9th Cir. 1990) ("Because there is a strong presumption against the issuance or continuation of a security clearance, and because the availability of a security clearance depends on an affirmative act of discretion by the granting official, no one has a right to a security clearance.") (quoting *Dep't of the Navy v. Egan*, 484 U.S. 518, 528 (9th Cir. 1990)) (internal quotations omitted). Accordingly, Plaintiff's procedural due process claim is dismissed without prejudice for failure to state a claim, to the extent it is based on inadequate procedures in the decision to revoke Plaintiff's security clearance.

## V. Conclusion

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 7) is GRANTED. The Complaint is DISMISSED without prejudice. No later than thirty (30) days from the date this Order is filed, Plaintiff may file a motion for leave to amend the Complaint, accompanied by a proposed first amended complaint.

DATE: 6/8/15

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE